**OAKVILLE BANK AND TRUST COMPANY, Respondent,**

v.

**LEMAY BANK AND TRUST COMPANY, Commissioner of Finance, State Banking Board and its Members, Appellants.**

**Nos. 43502, 43503.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1981.

Godfrey P. Padberg, Robert W. Saitz, St. Louis, for Lemay Bank.

John Ashcroft, Atty. Gen., Terry C. Allen, Asst. Atty. Gen., Irven L. Friedhoff, Gen. Counsel, Div. of Finance, Jefferson City, for State Banking Board.

Forrest M. Hemker, James L. Hawkins, St. Louis, for respondent.

WEIER, Judge.

The Lemay Bank and Trust Company has appealed the judgment of the Circuit Court of St. Louis County reversing the action of the State Banking Board when it granted Lemay Bank authority to operate a banking facility in the unincorporated community of Oakville. This appeal has been consolidated with that of the State Banking Board, its members and the Commissioner of Finance.

The community of Oakville lies in the southeast part of St. Louis County. Centering generally at the intersection of Baumgartner and Telegraph Roads, it has grown rapidly in the last two decades. In the early 1970s the population had increased in that area to a point where the State Banking Commissioner (now known as Director of Finance) had granted an application for a bank charter to the Oakville Bank and Trust Company so it might establish a banking house in the Oakville community. About the same time the Lemay Bank and Trust Company applied for authority to operate a banking facility on Telegraph Road approximately 750 feet from the banking house of the Oakville Bank. This application was opposed by the Oakville Bank. When Lemay Bank prevailed before the State Banking Board, the Oakville Bank filed a petition for review in the Circuit Court of St. Louis County. That court determined that Oakville was a clearly defined unincorporated community with recognizable geographical boundaries. It further determined that the Lemay Bank was not located in the unincorporated community of Oakville and that therefore the Board's order was unauthorized by law and unsupported by competent and substantial evidence under the provisions of § 362.107, RSMo 1978, which prohibited the maintenance of a bank facility by a bank outside of the limits of the unincorporated community in which its banking house was located. The circuit court reasoned that since Oakville was a definable geographical unit, the Lemay Bank, which was chartered in an unincorporated portion of St. Louis County known as Lemay more than five miles north of the Oakville area, could not set up a facility in Oakville because the facility would be outside of the Lemay community.

After this judgment by the circuit court, however, the Missouri Supreme Court in *Bank of Crestwood v. Gravois Bank*, 616 S.W.2d 505 (Mo.banc 1981) defined the meaning of the words "unincorporated community" as it appeared in § 362.107, RSMo 1978, to mean "a banking community" rather than a fixed geographic area. The facts in the *Crestwood* case are almost identical to the facts here. In *Crestwood* the Gravois Bank was an older well-established bank on Gravois Road in the unincorporated community of Affton near the city limits of the City of St. Louis. It had served the area extending from the City out to the western boundary of St. Louis County lying along Gravois Road for many years. Later with the growth of outlying communities, the Sappington area became a definable geographical community but was still a part of the general service area of the Gravois Bank. When Gravois Bank sought the establishment of a bank facility near the Bank of Crestwood, Crestwood opposed the application. Just as in *Crestwood*, the facts here established that Lemay Bank and Trust Company since 1906 had serviced the area extending all of the way from the city limits of the City of St. Louis to the south boundary of St. Louis County including the area that later became well defined as the Oakville community. As Oakville grew, it became a well-defined geographic community but many of the businesses and people living there remained customers of Lemay Bank. Because of this similarity of facts

and the clear definition of the meaning of "unincorporated community" in the *Crestwood* case, the judgment of the trial court may not stand.

We therefore reverse the judgment of the circuit court and direct that the order of the State Banking Board dated December 12, 1977, granting the authority to Lemay Bank and Trust Company to operate a bank facility, be reinstated.

STEWART, P. J., and STEPHAN, J., concur.